# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW R. MASSEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:22CV27 HEA |
| PNC BANK, NATIONAL ASSOCIATION TAYLOR BELLEVILLE CDKR, INC., OLIVER C. JOSEPH, INC., | ) ) ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss, [Doc. No.'s 15, PNC; 37, Oliver C. Joseph, Inc.; 47, Taylor Belleville CDJR, Inc.]. Plaintiff opposes all of the Motions. For the reasons set forth below, the Motions will be granted.

### Facts and Background[1]

Plaintiff's Petition[2] alleges the following: Plaintiff brought this action against PNC Bank, Taylor Belleville CDJR, Inc., and Oliver C. Joseph, Inc.

---

[1] The recitation of facts is taken from Plaintiff's Petition and are set forth for the purposes of this Opinion, Memorandum, and Order only, and in no way relieve the parties of the necessary proof thereof in any later proceedings.

[2] Plaintiff originally filed this action in the Circuit Court for the County of St. Louis, Missouri, hence the style "Petition." For the purposes of consistence, the Court refers to the pleading as such.

(Taylor Belleville CDJR, Inc. and Oliver C. Joseph, Inc. are collectively referred to as "Dealership Defendants") for damages and other relief arising from an allegedly void and fraudulent sale of a motor vehicle from Dealership Defendants.  Plaintiff alleges he was induced by Dealership Defendants' online marketing and vehicle advertisements, which he viewed from Missouri, to contact Dealership Defendants to inquire about potentially purchasing a motor vehicle. He explained he wanted to trade his 2005 Lincoln Aviator, which was registered in Missouri, in connection with the purchase of a motor vehicle from Dealership Defendants.

After speaking with several Dealership Defendants' employees, Plaintiff visited the dealership to test drive, and ultimately purchase a motor vehicle. On May 15, 2019, Plaintiff signed several documents in order to consummate the purchase of a 2017 Jeep Wrangler.  Plaintiff signed a car sales contract with Oliver. He made a $2,000.00 cash down payment and received a $1,250 trade allowance on the Lincoln Aviator and financed the remainder of the purchase price.

In addition to the sales contract, Plaintiff executed a Retail Installment Contract ("RIC") wherein he agreed to purchase the vehicle on credit. The total sales price was $57,925.75; Plaintiff was required, under the RIC $54,675.75. Oliver sold the RIC to PNC.

The vehicle was registered in Missouri on October 16, 2017. The title was renewed by the State of Missouri on September 19, 2018.

Plaintiff attempted to register the vehicle in Missouri. Dealership Defendants failed and refused to provide Plaintiff with the Vehicle's certificate of title and assignment thereof. When Plaintiff attempted to register the vehicle at the Missouri Department of Motor Vehicles, he learned he needed the certificate of title. He contacted Dealership Defendants, but they refused to provide the title to him. He was told all of the documents were kept by the company that purchased the dealership and they were in boxes in the parts department. The new owner was Defendant Taylor Belleville CDJR.

Plaintiff also attempted to obtain the certificate of title from PNC. PNC advised Plaintiff it was his problem, but that he was required to continue to make the monthly payments. Plaintiff made monthly payments totaling $18,954.26.

Count I of the Petition is based on alleged fraud, pursuant to 301.210 RSMo; Count II is brought as an alleged violation of the Missouri Merchandising Practices Act under 407.010, *et seq.*; Count III is based on a theory of common law conversion.

Defendants move to dismiss for failure to state a cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). However, "the Court is not bound to accept as true a legal conclusion couched as a factual allegation." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The Court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012). Matters

4

necessarily embraced by the pleadings include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Miller*, 688 F.3d at 931 n.3). Plaintiff has incorporated in the operative complaint an audio video surveillance recording. The Court considers this recording in ruling on this motion to dismiss.

## Discussion

The parties disagree as to which state's laws govern this dispute. Plaintiff's claims are set forth under Missouri law. Defendants argue that Illinois law applies to the parties' dispute. The parties do, however, agree that the laws differ between Missouri and Illinois.

Initially, Defendants argue Plaintiff's claims are subject to the choice of laws provision in the RIC, which specifies that Illinois law applies to all disputes arising under the contract. Plaintiff responds arguing that the choice of laws provision in the RIC is inapplicable because his claims sound in tort.

The Court need not engage in a discussion of whether to apply the RIC's choice of law provision as to Plaintiff's tort claims. More fundamentally, under traditional choice of law analysis, even absent a choice of law provision, Plaintiff's claims fall outside the realm of Missouri law.

5

When jurisdiction is based on diversity of citizenship, a federal court applies the choice-of-law rules of the forum state to determine which state's substantive law applies. *See Heating & Air Specialists, Inc. v. Jones*, 180 F.3d 923, 928 (8th Cir. 1999). "In a diversity action in federal court, the district court must follow the choice of law rules of the state in which it sits in order to determine which state's substantive law applies." *Birnstill v. Home Sav. of Am.*, 907 F.2d 795, 797 (8th Cir. 1990.)

"When tort claims are at issue, the applicable law is 'the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties.' " *Brenneman v. Great Wolf Lodge of Kansas City, LLC*, No. 15-cv-00683-SRB, 2016 WL 10675900, at *2 (W.D. Mo. Jan. 20, 2016) (quoting *Thompson v. Crawford*, 833 S.W.2d 868, 870 (Mo. banc. 1992)).

If a conflict exists, Missouri follows the most-significant-relationship test as set forth in the Restatement (Second) of Conflict of Laws (hereafter "Restatement"). *See Winter v. Novartis Pharms. Corp.*, 739 F.3d 405, 410 (8th Cir. 2014) (discussing Missouri law); *Kennedy v. Dixon*, 439 S.W.2d 173, 184 (Mo. 1969). Specifically, in tort actions, "[t]he rights and liabilities of the parties with respect to an issue ... are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the

6

parties under the principles stated in § 6."[3] Restatement (Second) of Conflict of Laws § 145 (1971). Specifically, § 145 provides:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
>   (a) the place where the injury occurred,
>   (b) the place where the conduct causing the injury occurred,
>   (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>   (d) the place where the relationship, if any, between the parties is centered.

*Thompson*, 833 S.W.2d at 870.

Section 6 of the Restatement identifies the following principles to be considered in guiding the decision of which state's laws to apply:

> (a) the needs of the interstate and international systems;
>
> (b) the relevant policies of the forum;
>
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;
>
> (d) the protection of justified expectations;
>
> (e) the basic policies underlying the particular field of law;
>
> (f) certainty, predictability, and uniformity of result, and
>
> (g) ease in the determination and application of the law to be applied.

7

*Brenneman*, 2016 WL 10675900, at *2 (quoting Restatement (Second) of Conflict of Laws § 6, (1971)). "These contacts are to be evaluated according to their relative importance with respect to the particular issue." *Thomson*, 833 S.W.2d at 870; *Stoneman v. NIM Transportation LLC*, No. 21-CV-00061-SRB, 2022 WL 1213593, at *1–3 (W.D. Mo. Apr. 25, 2022).

**Where the Injury Occurred**

The first factor to be considered weighs in favor of applying Illinois law. Plaintiff and Defendants have no relationship outside of the purchase of the vehicle, which was negotiated at the dealership in Illinois. Plaintiff traveled to Illinois to ultimately purchase the Jeep.  He executed the documents at the dealership and left his trade in at the dealership in Illinois.  When he did not receive the certificate, he called the dealership and was told the documents were in the parts department of the dealership.   While Plaintiff argues Missouri is a significant source of where the injury occurred because the vehicle was originally registered in Missouri and Plaintiff saw internet advertisements in Missouri, the actual injuries Plaintiff claims took place in Illinois; Plaintiff claims Defendants engaged in fraud and improper merchandising during the sale of the Jeep in Illinois.

**The Place Where the Conduct Causing the Injury Occurred**

8

Likewise, the conduct causing the injury tilts in favor of Illinois. Plaintiff travelled to Illinois to view and ultimately purchase the Jeep.  He left his trade in at the dealership in Illinois. The failure to provide Plaintiff with the certificate of title occurred in Illinois, as all of the documents are said to be located in Illinois in the dealership parts department.

Plaintiff attempts to overcome these significant facts by arguing the conduct occurred in Missouri when the vehicle was initially registered in Missouri.  This fact, however, does not push this factor in Plaintiff's favor.  The significant conduct is that which gives rise to Plaintiff's claims, which all occurred in Illinois during the negotiation of the RIC and the subsequent failure to produce the certificate of title to Plaintiff.

**Domicile or Residence of the Parties**

Plaintiff is a citizen of Missouri.  Two Defendants are citizens of Illinois. Defendant PNC is a national bank with its headquarters in Pennsylvania.  The weight of domicile or residence weighs in favor of Illinois.

**The Place Where the Relationship, if any, Between the Parties is Centered**

Again, the parties' relationship commenced in Illinois when Plaintiff drove to the dealership for the purpose of viewing and ultimately purchasing the Jeep Wrangler.  He negotiated the deal in Illinois. Plaintiff executed the documents with Dealership Defendant at the dealership in Illinois. He left his trade in car in

9

Illinois, and he contacted Dealership Defendants in Illinois regarding the certificate of title. Plaintiff was advised that the certificate of title would be in a box in the parts department of the Dealership Defendants.

Plaintiff urges the Court to find Missouri as having the most significant relationship to the claims and cause of action by arguing that Defendant Taylor advertises to Missouri residents. As Defendant correctly argues, the fact that it is advertising in 2022 to Missouri is not relevant to the issues before the Court based on events that occurred in 2019.

While Missouri may have some interest in this case, the Court finds Illinois has the more significant relationship to the occurrence and the parties. The sales transaction that caused the injury occurred in Illinois so, therefore, conduct that gave rise to the injury occurred in Illinois. Illinois has a strong interest in applying its own rules of conduct which are designed to protect the public from acts committed within the state. Further, when considering the relevant policies of the forum under § 6(b), Illinois has a policy of preventing fraudulent transactions.

## Conclusion

Based upon Missouri's conflict of laws analysis, the Court concludes that Illinois has the most significant relationship to this cause of action such that Illinois laws apply to the claims. Because Plaintiff's claims are based in tort under Missouri law, they cannot survive the Motion to Dismiss challenges.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant PNC's Motions to Dismiss, [Doc. No. 15] is **granted**.

**IT IS FURTHER ORDERED** that Defendant Oliver C. Joseph, Inc.'s Motion to Dismiss, [Doc. No. 37] is **granted**

**IT IS FURTHER ORDERED** that Taylor Belleville CDJR, Inc.'s Motion to Dismiss, [Doc. No 47] is **granted.**

**IT IS FURTHER ORDERED** that this matter is dismissed.

An appropriate Order of Dismissal is entered this same date.

Dated this 7th day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE